LEVINS v. EDWARDS.

5-1506                                  312 S. W. 2d 447

Opinion delivered April 28, 1958.

*Marcus Fietz* and *Penix & Penix,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

ED. F. McFADDIN, Associate Justice.   This is an-
other one of those unfortunate boundary line disputes
between neighbors: a five-foot strip is involved.

Lots 3 and 4, here concerned, face north on Court
Street in the City of Paragould; and each lot has a
frontage of 100 feet on Court Street, with a depth of
266 feet.   Lot 4 is immediately west of Lot 3.   Mr. and
Mrs. Levins (appellants) have a deed describing their
property as, "the east half of Lot 4 and the west one-
fourth of Lot 3."[1]   Mr. and Mrs. Edwards (appellees),
living immediately to the east of the Levins, have a deed
describing their property as, "the east three-fourths of
Lot 3."   According to these deeds the dividing line be-
tween the two properties should be the line that divides
the west one-fourth of Lot 3 from the east three-fourths
of Lot 3.   But in the earlier deeds to both properties it
had been stated that the dividing line was, "the west
line of the sidewalk and the extension thereof  .  .  .",
which sidewalk ran north and south somewhere near
the boundary line.   Thus, this litigation.

When the Edwards erected a fence along the west
side of the sidewalk, the Levins brought this suit to en-
join the erection of the fence and to have determined the
true boundary line.   The Edwards claimed that the

---

[1] We have omitted block numbers and name of addition contained
in all of the conveyances, as such designations are not questioned.

*west side of the sidewalk* was the line because, in the deed from the common grantor of both parcels, the sidewalk was stated to be the line.[2] Trial in the Chancery Court resulted in a finding and decree that the west side of the sidewalk was the boundary between the Levins' property and the Edwards' property. This was shown to be about five feet west of the line that would have existed by the deed descriptions if there had been no reference to the sidewalk. The five-foot strip occupied by the sidewalk is "the disputed strip."

The Levins have appealed, and urge only one point, which we copy, to-wit:

"Under after-acquired property statute, title to disputed strip of land passed to previous owners of appellants' lands."

This matter of "after-acquired title"[3] requires further detailing. Mr. Stevenson originally owned both Lots 3 and 4. He divided the properties, and the subsequent conveyances are as follows:

### West Parcel
### (Levins' Title)

A. June 12, 1947 Warranty Deed Stevenson and wife to J. C. Gramling, which described the property as the "East Half of Lot 4 and the West one-quarter of Lot 3," but with this language also in the granting clause *"It is expressly understood and agreed that the east line of the premises herein conveyed is the west line of the sidewalk (and the extension thereof) which lies east of the sidewalk which runs to the residence on said lands, said sidewalk marking the boundary being the old side-*

---

[2] The Edwards also cross-complained against J. C. Gramling, as their grantor; and he admitted that if the sidewalk was not the line, then he was liable to the Edwards for breach of his general warranty.

[3] Our after-acquired title statute is § 50-404 Ark. Stats., and reads: "If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired, shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance."

*walk which led to a building on said lands which was burned or destroyed.''*

B.   July 10, 1950 Warranty Deed, J. C. Gramling and wife, to H. M. Pritchard, which described the property only as ''East Half of Lot 4 and the West one-fourth of Lot 3,'' and *with no reference to the sidewalk.*

C.   June 12, 1951 Warranty Deed from H. M. Pritchard and wife to the Levins, which described the property as ''the East Half of Lot 4 and the West one-fourth of Lot 3,'' and *with no reference to the sidewalk.*

### East Parcel
### (Edwards' Title)

A.   June 21, 1948 Warranty Deed, Stevenson and wife to J. W. Gramling (son of J. C. Gramling), which described the property as ''the East three-quarters of Lot 3''; but with this language also in the granting clause: *''It is expressly understood and agreed that the west line of the premises herein conveyed is the west line of the sidewalk (and the extension thereof) said sidewalk marking the boundary being the old sidewalk which led to a building on said lands which was burned or destroyed.''*

B.   February 22, 1949 Warranty Deed, J. W. Gramling and wife to J. M. Williams, which described the property as ''The East three-fourths of Lot 3,'' and *with no reference to the sidewalk.*

C.   February 22, 1951 Warranty Deed, J. M. Williams and wife to J. C. Gramling, which described the property as ''the East three-fourths of Lot 3,'' and *with no reference to the sidewalk.*

D.   February 25, 1952 Warranty Deed, J. C. Gramling and wife to the Edwards, which described the property as the ''East three-fourths of Lot 3,'' and *with no reference to the sidewalk.*

The point that the appellants urge is: that J. C. Gramling at various times owned both parcels (that is, the Levins property on the west and the Edwards property on the east); that in the deed of conveyance exe-

cuted by J. C. Gramling and wife to Pritchard, on July 10, 1950, J. C. Gramling conveyed the entire East Half of Lot 4 and the West one-fourth of Lot 3 with no reference to the sidewalk; that this description would include in the conveyance to Pritchard the 5-foot strip here in dispute; that J. C. Gramling in 1951 acquired from J. W. Williams the property described as the West three-fourths of Lot 3; that when J. C. Gramling thus acquired the property from Williams, he acquired the 5-foot strip; that such strip would pass to Pritchard and from Pritchard to Levins under the after-acquired title statute; and that, even though the west side of the sidewalk had originally been the agreed line, still the failure to mention the west side of the sidewalk as the dividing line in the subsequent deeds would pass the title to Levins under the after-acquired title statute. This is the appellants' only point on this appeal.

Appellants' argument based on the "after-acquired title statute" is fatally defective in the case at bar because, under appellants' theory, J. C. Gramling never acquired the 5-foot strip from Williams. If we assume that the failure to mention the 5-foot strip in the subsequent deeds made the dividing line to be the east line of the west one-fourth of Lot 3, then the title to the 5-foot strip would be in J. W. Gramling, because he did not convey that 5-foot strip to J. M. Williams in the deed of February 22, 1949, since that deed made no reference to the sidewalk. By like symbol, J. M. Williams did not convey the 5-foot strip to J. C. Gramling in the deed of February 22, 1951, because that deed made no reference to the sidewalk. Thus, according to appellants' argument, the title to the 5-foot strip would still be in J. W. Gramling and not in J. C. Gramling, who was the grantor to Pritchard, through whom the Levins claim.

The point we make is, that when the appellants argue that the failure to mention the sidewalk as the dividing line in the deed from either one of the Gramlings to their grantees made the true line to be the actual east line of the west one-fourth of Lot 3, then the appellants cannot say that J. C. Gramling ever acquired the 5-foot strip here in dispute when he got the deed from

J. W. Williams in 1951. Thus, there was no "after-acquired title" in J. C. Gramling to pass to Pritchard and the Levins under the after-acquired title statute.

The Chancellor heard this case *ore tenus,* and surveyors testified as to lines; testimony was offered as to the pointing out of boundaries; all other issues were thoroughly developed; and, even after the first hearing, there was a further offer of evidence. It would serve no useful purpose to set out all the evidence in the record. Evidently the appellants could find no error in any part of the decree of the Chancellor, except on the matter of after-acquired title; and we have attempted to demonstrate in this opinion that the after-acquired title statute has no application to the situation here presented. We, therefore, find it unnecessary to detail all of the evidence which caused the chancellor to reach the conclusion that the west side of the sidewalk and its extension is the true boundary between the properties.

Affirmed.